IN THE UNITED STATED DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Sun Life Assurance Company of Canada,<br><br>    Plaintiff,<br><br>vs.<br><br>Norma J. Layton a/k/a Beau Layton-Ralph;<br>Timothy D. Greer as Attorney In Fact and<br>Personal Representative of the Estate of<br>Mildred G. Barlow; and David P. Bunch as<br>Attorney In Fact and Trustee of the Mildred<br>G. Barlow Trust,<br><br>    Defendants. | **COMPLAINT FOR INTERPLEADER**<br><br>C.A. No.:  8:13-3572-JMC |

Plaintiff, Sun Life Assurance Company of Canada (U.S.), submits this Complaint for Interpleader and would respectfully allege and show unto the court as follows:

1.     Sun Life Assurance Company of Canada (U.S.) (hereinafter "Sun Life" or "Plaintiff") is an insurance company organized under the laws of the State of Delaware with its principal place of business in Massachusetts, and is authorized to conduct business in the State of South Carolina.

2.     Upon information and belief, before her death, Mildred G. Barlow (hereinafter "Barlow") was a citizen and resident of Pickens County, South Carolina and resided in Pickens County, South Carolina at the time of her death.

3.     Upon information and belief, Defendant Norma J. Layton a/k/a Beau Layton-Ralph (hereinafter "Layton-Ralph") is a citizen and resident of Sacramento, California.

4.      Upon information and belief, Timothy D. Greer (hereinafter "Greer"), Attorney In Fact and Personal Representative of the Estate of Mildred G. Barlow, is the nephew of Barlow. In his capacity as Personal Representative of the Estate of Barlow, Greer is deemed a citizen and resident of South Carolina.[1]

5.      Upon information and belief, the Estate of Barlow has been or is currently being probated in Pickens County, South Carolina.

6.      Upon information and belief, Defendant David P. Bunch (hereinafter "Bunch"), alleged Attorney In Fact for Mildred G. Barlow and Trustee of the Mildred G. Barlow Trust (hereinafter "the Trust"), is a citizen and resident of North Highlands, California and upon information and belief, was allegedly at one time a trustee of the Trust and Attorney In Fact for Barlow.

7.      Upon information and belief, Barlow died on June 29, 2012 in Pickens County, South Carolina.

8.      This is an action for interpleader pursuant to 28 U.S.C. § 1335.

9.      Subject matter jurisdiction is proper in this Court as this action is filed pursuant to 28 U.S.C. § 1335, involves certain death benefits in the amount of $500.00 or more, the parties are of diverse citizenship in that Sun Life is a foreign corporation and the defendants are citizens and residents of the State of South Carolina and California, and the benefits will be deposited into the registry of the Court.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1397 in that Barlow was a citizen of and resided in the State of South Carolina, rendering Greer a citizen and resident of the State of South Carolina.

---

[1] Timothy D. Greer, individually, is a citizen and resident of Louisville, Kentucky.

## FOR A FIRST CAUSE OF ACTION
### (Request to Pay Proceeds into the Court-Interpleader)

11.     The allegations of the previous paragraphs are incorporated herein by reference.

12.     Sun Life issued an annuity to Barlow beginning on or about November 6, 2003, bearing account number KA 12723805-01 (the "Annuity").  True and accurate copies of the Annuity contract as well as the corresponding application are attached hereto as **Exhibits A and B**, respectively.

13.     Pursuant to the application executed by Barlow on or about November 6, 2003, Layton-Ralph was designated as the primary beneficiary for the Annuity.

14.     Thereafter, on or about January 12, 2011, Sun Life received a letter from Bunch, acting as Attorney In Fact for Barlow, requesting a change of beneficiary form so that the Trust could be made the contingent beneficiary for the Annuity.  A true and accurate copy of the letter is attached hereto as **Exhibit C**.

15.     On or about February 28, 2011, Sun Life received a beneficiary change form signed by Bunch, as Attorney In Fact for Barlow, requesting that the Trust be made the sole primary beneficiary of the Annuity.  Enclosed with the beneficiary change form was an Affidavit for Power of Attorney signed by Bunch and notarized, listing him as attorney in fact for Barlow.  Upon receipt of these documents, Sun Life changed the primary beneficiary from Layton-Ralph to the Trust.   True and accurate copies of the Beneficiary Designation Form and affidavit for Power of Attorney provided to Sun Life are attached hereto as **Exhibits D and E**, respectively.

16.     Thereafter, on or about July 18, 2012, Greer contacted Sun Life to provide notice that Barlow had passed away.

17.     On or about July 24, 2012, Sun Life sent Greer a claim package for completion by the Trust as beneficiary of the Annuity.

18. On or about March 18, 2013, Greer contacted Sun Life as Personal Representative of the Estate of Barlow and advised that the beneficiary on the Annuity contract had been improperly changed by Bunch and that the Trust did not exist. Greer also indicated that legal proceedings were in progress against Bunch.

19. On or about April 1, 2013, Sun Life reviewed the documentation in its file and determined that the beneficiary change form was not in good order because the proof of power of attorney was not submitted by Bunch at the time the Affidavit for Power of Attorney was submitted in February 2011. As such, the primary beneficiary was determined to revert to Layton-Ralph. Sun Life then sent a claim package to Greer to provide to Layton-Ralph.

20. On or about April 22, 2013, Greer contacted Sun Life seeking clarification on what was needed to process the claim for the Annuity. During this telephone contact, Greer requested that no further mailings be sent to him.

21. On or about June 18, 2013, Sun Life received the claim paperwork from Layton-Ralph. However, given the history of the beneficiary change form, a hold was placed on the account pending further review. A true and accurate copy of the documents comprising the completed claim package is attached hereto as **Exhibit F**.

22. On or about July 17, 2013, Sun Life sent a letter to Bunch requesting that he provide a copy of the Power of Attorney and documentation verifying the existence of the Trust, including the Trust agreement. A true and accurate copy of the letter sent to Bunch is attached hereto as **Exhibit G**.

23. Sun Life received a copy of the Power of Attorney on or about July 30, 2013, confirming Bunch as Attorney in Fact for Barlow. It appears that the Power of Attorney was signed and notarized on August 24, 2010. A true and accurate copy of the Power of Attorney is

4

attached hereto as **Exhibit H**. No documents verifying the existence of the Trust were provided nor have they since been provided.

24. On or about August 14, 2013, Sun Life sent a letter to Greer requesting information substantiating his allegations of improper conduct on the part of Bunch. A true and accurate copy of the letter sent to Greer is attached hereto as **Exhibit I**.

25. On or about August 16, 2013, Sun Life sent another letter to Bunch requesting documentation to verify the existence of the Trust. A true and accurate copy of the letter sent to Bunch is attached hereto as **Exhibit J**.

26. Having received no response to its letters of August 14 and 17, 2013, Sun Life sent a letter to Layton-Ralph, Greer and Bunch setting forth the timeline of events and advising that competing claims had been made to the Annuity death benefit proceeds. Sun Life encouraged the parties to reach an agreement as to the disposition of the proceeds and in the absence of same, advised that it would institute an interpleader action and seek the recovery of its fees and costs in doing so. A true and accurate copy of the letter is attached hereto as **Exhibit K**.

27. On or about October 4, 2013, Sun Life received correspondence from Greer along with six attachments. A true and accurate copy of the correspondence and attachments, with the exception of the Medical Reports of Barlow[2], is attached hereto as **Exhibit L**. Pursuant to the correspondence from Greer, a new Power of Attorney was executed on April 28, 2011 assigning Greer as Attorney in Fact for Barlow. He further explained that the Trust was created by Bunch and signed by Bunch for Barlow as her then Attorney In Fact. Greer asserted that the Trust was null and void when Barlow executed a new Will and Testament on or about August 29, 2011.

---

[2] The Medical Reports attached to Greer's correspondence contain protected health information ("PHI") for Barlow and, therefore, is not included as an exhibit.

Greer further alleged that Bunch had engaged in misconduct with respect to Barlow's assets and affairs.  Greer did not disclaim an interest in the Annuity death benefits on behalf of himself or the Estate of Barlow.

28.     The Annuity contract provides that in the event of the death of the primary certificate owner, the certificate is controlled by the designated beneficiary. The designated beneficiary may surrender the certificate within ninety (90) days of the death for a certain sum calculated as set forth in the contract.

29.     Due to the events outlined hereinabove, there is a dispute as to the proper designated beneficiary.  Competing claims have been made by Layton-Ralph, Bunch and Greer in their various capacities.  None of the Defendants have disclaimed entitlement to or agreed to discharge Sun Life from liability with respect to the payment of the death benefit proceeds.

30.     Sun Life claims neither title to nor interest in the proceeds payable under the Annuity on account of the death of Barlow and is ready and willing to pay the proceeds to the entitled person or persons, but is unable to make that determination without exposing itself to multiple liabilities on account of the competing claims of Defendants.

31.     Therefore, Sun Life, as a mere stakeholder, alleges that it is entitled to: (1) pay the proceeds of the Annuity, plus applicable interest, into the Court pursuant to 28 U.S.C. § 1335; (2) an order restraining Defendants from instituting any action against Sun Life to recover such proceeds; (3) be discharged from any other and further liability to Defendants or any other claimants or potential claimants under the Annuity; and (4) an order awarding it reasonable attorney's fees and costs necessitated by it having to bring this action.

32.     Sun Life further alleges that upon payment of the proceeds of the Annuity into the Court and upon its discharge and release from any other and further liability to any parties or claimants under the Annuity, the Court shall make a determination as to which Defendants are

entitled to recover the proceeds of the Annuity and shall order disbursement of the proceeds in accordance with its determination.

WHEREFORE, Plaintiff prays as follows:

1. That the Court, pursuant to 28 U.S.C. § 1335, allow Plaintiff to pay the proceeds of the Annuity, plus applicable interest, into the Court;

2. That the Court issue an order restraining Defendants from instituting any action against Sun Life to recover such proceeds;

3. That the Court issue an order discharging and relieving Plaintiff from any and all further liability of any type whatsoever arising under the Annuity;

4. That the Court determine the appropriate beneficiary of the proceeds of the Annuity;

5. That the Court disburse the proceeds of the Annuity paid into the Court by Sun Life in accordance with its determination of the appropriate beneficiary of such proceeds;

6. For the reasonable attorney's fees and costs incurred by Sun Life in this action; and

7. For such other and further relief as this Court shall deem just and proper.

s/Jennifer E. Johnsen
Jennifer E. Johnsen (#5427)
jjohnsen@gwblawfirm.com
GALLIVAN, WHITE & BOYD, P.A
55 Beattie Place, Suite 1200
P.O. Box 10589
Greenville, SC 29603
(864) 271-9580

December 23, 2013
Greenville, South Carolina

Attorneys for Plaintiff,
Sun Life Assurance Company
of Canada (U.S.)

7